# CIRCUIT COURT OF MONTGOMERY COUNTY

Roger W. Woody

     v.

Terry Ellen Carter,
Tacy L. Newell-Foutz,
Meghan Dorsett,
and Carol Lindstrom

October 13, 2008

Case No. CL08-3192

BY JUDGE RAY W. GRUBBS

This cause of action arises from an interact website styled *www.thinkchristiansburg.com* involving blog postings critical of the complainant and the conduct of his business. Mr. Woody brings this action alleging that the website and an unnamed local newspaper, not a party defendant, have been used as a conduit by the defendants for false and misleading complaints lodged against him and Showcase Home Builders causing irreparable harm to his reputation and business resulting in a loss of sales and profit.

Count I alleges a conspiracy to harm complainant's business; Count II alleges a tortious interference with complainant's contractual relations; Count III alleges the use of and publication of libelous and insulting words tending to breach the peace; and, Count IV requests injunctive relief. Under each of Counts I, II, and III, the complainant moves for judgment, jointly and severally, against the defendants for $10,000,000.00 for actual damages, and $350,000.00 for punitive damages.

To these counts, the defendants, Carter and Newell-Foutz, have demurred. Amongst other grounds, the defendants assert that speech on *www.thinkchristiansburg.com*, which underlies the complaint, is constitutionally protected by the First Amendment to the United States Constitution and Article 1, § 12, of the Constitution of Virginia and, additionally, that Mr. Woody lacks standing to assert claims on behalf of Showcase Home Builders.

The purpose of any demurrer is to test the sufficiency of the complainant's pleadings, admitting the truth of all material facts alleged and all reasonable inferences arising therefrom. The complaint is sufficient if it provides clear notice to the opposing parties as to the nature of the claim.

## *Count I: Conspiracy to Harm Complainant's Business*

The Court determines that this count provides notice to the defendants as to the nature of the complainant's claim. However, it fails to adequately plead a case of conspiracy. The complaint fails to allege specifically what harm the complainant has suffered in his reputation and his business. Further, facts must be pleaded to support complainant's conclusory allegation of malicious intent to harm the complainant and his business. Business conspiracy must be pleaded with particularity.

## *Count II: Tortious Interference with Contractual Relations*

The Court determines that this count provides notice to the defendants as to the nature of Mr. Woody's claim. However, it fails to adequately plead a case of tortious interference. The complaint fails to state any existence of a specific economic relationship or expectancy; whether the defendants had any such knowledge of such a relationship; a reasonable certainty that, in the absence of intentional misconduct by the defendants, the complainant would have continued the relationship; and a competitive relationship between the parties.

## *Count III: Libelous and Insulting Words*
## *Tending to Breach the Peace*

The Court determines that this count provides notice to the defendants as to the nature of the complainant's claim. However, there is no specific language pleaded that tends to a breach of the peace. The complainant merely makes a conclusory allegation as to speech tending to violence. Words pleaded must be "fighting words" that tend to violence. Such an allegation is missing.

### Standing to Sue

This action has been brought by Roger Woody, trading as Showcase Home Builders. Defendants state that Mr. Woody is the sole member of a business registered with the State Corporation Commission as Showcase Home Builders, L.L.C. Complainant, therefore, lacks standing to bring claims on behalf of Showcase Home Builders, L.L.C.

### Protected Speech

The defendants assert that the speech underlying this action is constitutionally protected. This argument is more appropriately addressed as an affirmative defense to the complaint. Consequently, the merits of this claim have not been considered on demurrer.

The demurrers to Counts I, II, and III are sustained with leave to the complainant to amend the complaint within twenty-one days from entry of the order setting forth the rulings herein.